## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**BISCAYNE BAY BREWING COMPANY,
LLC**, a Florida limited liability company,

      Plaintiff.

v.

**LA TROPICAL HOLDINGS, B.V**., a
Netherlands corporation, and **CERVECERIA
LA TROPICAL USA LLC**, a Florida limited
liability company

      Defendant.

_____/

CASE NO._____

## COMPLAINT

Plaintiff Biscayne Bay Brewing Company, LLC ("Biscayne Bay" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants La Tropical Holdings, B.V. ("La Tropical Holdings") and Cerveceria La Tropical USA, LLC ("Cerveceria") (collectively, "Defendants" or "La Tropical") and alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for declaratory judgment of trademark non-infringement and trademark invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and for tortious interference arising from Defendants' baseless infringement allegations and anti-competitive tortious interference with Biscayne Bay's emerging Miami-based craft brewery business.

2.    Defendants, affiliates and/or subsidiaries of the beer conglomerate Heineken N.V. and Heineken USA (collectively, "Heineken"), are damaging Biscayne Bay through aggressive bully tactics designed to stifle sales of Biscayne Bay's fastest-growing **TROPICAL BAY IPA**

brand beer. Defendants, in concert with Heineken, have advanced meritless accusations of trademark infringement against Biscayne Bay while also tortiously interfering with Biscayne Bay's sponsorship as the Official Craft Beer of Inter Miami CF, LLC ("Inter Miami"), Miami's new professional Major League Soccer, LLC ("MLS") team.

3.      As a result of Defendants' unlawful acts, Biscayne Bay has been forced to seek legal redress to protect its **TROPICAL BAY IPA** brand and vindicate Defendants' wrongful interference with Biscayne Bay's contractual and business relationships.

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction over Biscayne Bay's claims for declaratory judgment for non-infringement and trademark invalidity under 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and 15 U.S.C. § 1121 in that said claims arise under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.* This Court has supplemental jurisdiction over Biscayne Bay's claim for tortious interference pursuant to 28 U.S.C. §1367 because the claim is so related to the declaratory judgment claims as to form the same case and controversy.

5.      This Court has personal jurisdiction over Defendants because they conduct business in and maintain substantial contacts within the State of Florida and in this District. Defendants each have purposefully availed themselves to conduct commercial activities in this forum and this Complaint arises out of those activities.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), because a substantial part of the events giving rise to the claims alleged herein occurred in this District and Defendants conduct business in this District.

## THE PARTIES

7.      Plaintiff Biscayne Bay Brewing Company, LLC is a limited liability company organized and existing under the laws of the state of Florida and has its principal place of business at 100 NE 1st Ave, Miami, FL 33132. Biscayne Bay is a local, minority-owned, and minority-operated small business and craft-brewery founded in metropolitan Miami in 2012.

8.      Defendant La Tropical Holdings B.V., a *besloten vennootschap met beperkte aansprakelijkheid*, is an entity organized under the laws of the Netherlands with its principal place of business in Amsterdam, Netherlands. Upon information and belief, La Tropical Holdings is an entity organized for limited purposes to own purported trademarks.

9.      Defendant Cerveceria La Tropical USA, LLC is a Florida limited liability company with its principal place of business in Petaluma, California. Upon information and belief, Cerveceria is an operating affiliate of La Tropical Holdings.

10.      Upon information and belief, Defendants are affiliates and/or subsidiaries of Petaluma, California-based Lagunitas Brewing Company and Heineken, all with common ownership, in whole or in part. Cerveceria's managers according to the Florida Division of Corporations are Dennis Peek and Manuel J. Portuondo. Dennis Peek is the CEO of Lagunitas Brewing Company. Manuel Portuondo is the CEO of Cerveceria and La Tropical Holdings.

## FACTS COMMON TO ALL COUNTS

## I.      BISCAYNE BAY'S BUSINESS AND TROPICAL BAY IPA TRADEMARK

11.      Biscayne Bay is a small business brewery founded in metropolitan Miami in 2012. Many of Biscayne Bay's employees and stakeholders have proud, Latin and Cuban American heritage – roots that form the flavors of their entire range of craft beers and led to the development beginning in late 2017 of the **TROPICAL BAY IPA** brand beer as a Miami-inspired Indian Pale Ale ("IPA").

12.     In late 2017, Biscayne Bay developed a hazy northeast style IPA featuring tropical fruit aromas. In February 2018, Biscayne Bay coined the name and trademark **TROPICAL BAY IPA** for this new IPA (the "**TROPICAL BAY IPA** Trademark").

13.     The **TROPICAL BAY IPA** brand beer was first sold at Biscayne Bay's taproom in Doral, Florida on March 3, 2018 and promoted through the below email and social media-driven digital flyer:



14.     Based on its exceptional flavors and cohesive name and branding, Biscayne Bay's **TROPICAL BAY IPA** brand beer has continued to grow in popularity since it was first sold in March 2018 – driving growing sales through Biscayne Bay's taproom and distribution channels to bars and restaurants.

15.     In the summer of 2019, Biscayne Bay furthered development of the **TROPICAL BAY IPA** brand by developing an eye-catching label that prominently features a stylized pink flamingo alongside the **TROPICAL BAY IPA** Trademark and the name and trademark **BISCAYNE BAY BREWING COMPANY**.  Biscayne Bay began bottling and canning the beer with this new label, shown below, for food service and retail sales.





16.     As of the filing of this lawsuit, the **TROPICAL BAY IPA** brand beer has become Biscayne Bay's fastest-selling beer and is projected to drive increased annual sales revenue for the independent craft brewery. Biscayne Bay estimates that the **TROPICAL BAY IPA** brand beer will drive approximately $1.7 million in revenue through 2025.

17. On February 8, 2020, Biscayne Bay filed with the United States Patent and Trademark Office ("USPTO") Trademark Application Serial Number 88/785,816 for the word mark **TROPICAL BAY IPA** (the "**TROPICAL BAY IPA** Application") in connection with beer. A true and correct copy of the electronic records pertaining to the application is attached as Exhibit A. The **TROPICAL BAY IPA** Application was approved for publication on June 3, 2020 and subsequently published for opposition by the USPTO on June 23, 2020.

## II. DEFENDANTS DEFUNCT "LA TROPICAL" BRAND

18. Defendants purport to be the owners of the United States' intellectual property rights to an old-world Cuban pilsner style beer named "La Tropical", which has never been widely or consistently distributed in the United States.

19. Based on information and belief, a "La Tropical" beer was produced in Cuba beginning in or around 1888 as a product of the island country's "Cerveceria La Tropical." That brewery and its products were tragically nationalized by the Cuban government in 1960 under the communist regime and dictatorship of Fidel Castro. The "La Tropical" beer, according to public reporting regarding the island nation, fell into a long decline under the Cuban dictatorship and completely ceased production as of 2008.

20. La Tropical Holdings purports to be the owner of certain United States Trademark Registrations relating to a re-creation of the Cuban "La Tropical" beer and brand, as follows (hereinafter the "La Tropical Registrations"):

| Mark | Reg. No. | Registration Date |
|---|---|---|
| TROPICAL | Reg. No. 1,178,369 | August 17, 1993 |

| Mark | Reg. No. | Registration Date |
|---|---|---|
|  | Reg. No. 3,582,867 | March 3, 2009 |
|  | Reg. No. 5,816,428 | July 30, 2019 |
|  | Reg. No. 5,816,429 | July 30, 2019 |

21.     According to La Tropical Registrations, the beer brand was first sold in the United States at least as early as 1992.  However, upon information and belief, the purported "La Tropical" beer has been out of production in the United States since 2016.

22.     Upon information and belief, ownership of the purported "La Tropical" brand and trademarks in the United States has changed hands multiple times -- from the original trademark owner Iberia Beverages Inc. to Iberia Wines Corp. in 1996, to La Tropical Brewing Company,

LLC in 1998, to Three Palms Holdings, LLC in 2001 and, finally, to Defendant La Tropical Holdings in 2017.

23.     However, none of these companies have been able to sustain any legally significant sales sufficient to maintain trademark rights in and to the name "La Tropical" or the trademarks identified in the La Tropical Registrations.

24.     Upon information and belief, to the extent that the "La Tropical" beer was ever offered for sale and sold in the United States, it was presented in a traditional green bottle with traditional stylized font and "old world" design elements such as purported award medals dating back to 1897, as shown below:



25.     Upon information and belief, the last reported offering of "La Tropical" beer was on May 22, 2016 at Concrete Beach Brewery in Wynwood, Miami. This offering was an attempted public relations stunt featuring little more than token sales, manufactured as a futile attempt to preserve non-existent United States' trademark rights in the long-forgotten Cuban brand.

26.     Based on information and belief, at the time Biscayne Bay adopted and began using the **TROPICAL BAY IPA** Trademark in 2018, Defendants had not offered for sale "La Tropical" brand beer for at least two years.  Defendants' purported "La Tropical" brand beer remains defunct as of the date of the filing of this lawsuit.

27.     Even if Defendants could establish that they are presently using the "La Tropical" trademark in the United States, the trademark is objectively weak as a result of widespread third-party use and Defendants' apparent failure to police such use over an extended period time.

**III.    DEFENDANTS WRONGFULLY TARGET BISCAYNE BAY AND THE TROPICAL BAY IPA BRAND THROUGH UNLAWFUL TRADEMARK ISSUES**

28.     On or about February 3, 2020, Matthew Weintraub, who held himself out as an agent or employee of Heineken and its subsidiary/affiliates in Miami, contacted Biscayne Bay's founder Jose Mallea and demanded proprietary information regarding Biscayne Bay's production and canning volumes for its **TROPICAL BAY IPA** brand beer. Mr. Weintraub vaguely asserted that the **TROPICAL BAY IPA** Trademark infringed a trademark that Heineken or its subsidiaries owned for all beer that included the word "tropical." This statement that Heineken or its subsidiaries have rights to prosecute any beer that includes the word "tropical" was false or reckless when made and has been part of a pattern or practice by Defendants to tortiously interfere with Biscayne Bay's business and commercial relationships.

29.     On May 27, 2020, La Tropical Holdings, through legal counsel, wrote to undersigned counsel and demanded that Biscayne Bay abandon use of the **TROPICAL BAY IPA** Trademark because "use and registration of the TROPICAL BAY IPA mark for beer constitutes trademark infringement in violation of Section 32(1) of the U.S. Trademark (Lanham) Act, 15 U.S.C. § 1114(1), and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in addition to violating related Florida laws."  La Tropical Holdings

asserted that it would forgo "formal proceedings" if Biscayne Bay met the demand to drop the **TROPICAL BAY IPA** brand and trademark application. A true and correct copy of the May 27, 2020 letter is attached as Exhibit B.

30. On June 12, 2020, Biscayne Bay, through undersigned counsel, responded to La Tropical Holdings and asserted that La Tropical had no trademark rights and, if it did have any rights, there was no likelihood of confusion with the **TROPICAL BAY IPA** Trademark. A true and correct copy of the June 12, 2020 letter is attached as Exhibit C.

31. On July 22, 2020, La Tropical Holdings filed with the USPTO's Trademark Trial and Appeal Board ("TTAB") a motion for extension of time to oppose registration of the **TROPICAL BAY IPA** Application. This motion was granted by the TTAB as a matter of course, through to October 21, 2020.

32. Biscayne Bay engaged in further discussions with Defendants through counsel, but no resolution was reached, and Defendants continue to demand that Biscayne Bay cease all use of the **TROPICAL BAY IPA** Trademark and abandon its trademark application.

33. Defendants' conduct, including but not limited to repeatedly and falsely accusing Biscayne Bay of trademark infringement and unfair competition, demanding that Biscayne Bay drop its trademark and change its brand, and by taking action at the TTAB, has created a reasonable apprehension by Biscayne Bay that Defendants will continue to assert its purported trademark rights in "La Tropical." In addition, as alleged further below, Defendants have escalated their interference with Biscayne Bay's reputation and independent commercial relationships, such as with Inter Miami, in retaliation for Biscayne Bay's adoption and use of the **TROPICAL BAY IPA** Trademark. Accordingly, Defendants actions have created an actual and

justiciable controversy regarding the rights of Biscayne Bay to offer for sale and sell its **TROPICAL BAY IPA** brand beer.

## IV.   THERE IS NO LIKELIHOOD OF CONFUSION BETWEEN TROPICAL BAY IPA AND DEFENDANTS' ALLEGED "LA TROPICAL" MARKS

34.     The parties' respective marks are materially different in sight, sound, and meaning. The use of "Bay" and "IPA" in Biscayne Bay's **TROPICAL BAY IPA** Trademark presents an entirely different commercial connotation from "La Tropical." Biscayne Bay's mark refers abstractly to a "tropical bay" or body of water, consistent with metropolitan Miami, and clearly denotes the style of beer by including "IPA." The mark has a modern and fresh connotation and the addition of the unique term "bay" along with "IPA" is sufficient to dispel any likelihood of confusion with "La Tropical." On the other hand, La Tropical is a Spanish-language nominalization of the adjective "tropical."   Accordingly, the relevant consumer is not likely to confuse the two brands.

35.     The USPTO examined Biscayne Bay's **TROPICAL BAY IPA** Application and concurred that there was no likelihood of confusion despite the existence of the La Tropical Registrations.

36.     The market realities further demonstrate there is no likelihood of confusion. As depicted above, Biscayne Bay's **TROPICAL BAY IPA** brand beer is marketed and branded as a modern, craft-brewed IPA, presented to consumers in a vibrant "Miami Vice" style can highlighted by neon coloring affiliated with its birthplace and with the company's house mark, **BISCAYNE BAY BREWING COMPANY**, prominently displayed. On the other hand, La Tropical's "pilsener beer" is most often presented in a traditional green bottle with traditional stylized font and "old world" design elements, such as purported award medals dating back to

1897. Any beer drinker, ranging from a common consumer to the most discerning craft-beer drinker, would have no trouble distinguishing the parties' respective brands from one another.

## V.    DEFENDANTS    AND    HEINEKEN    TORPEDO    BISCAYNE    BAY'S SPONSORSHIP WITH INTER MIAMI CF AND MAJOR LEAGUE SOCCER

37.    Along with concocting a baseless trademark dispute with Biscayne Bay, Defendants have tortiously interfered with Biscayne Bay's contractual relationship with Inter Miami and MLS concerning a related business endeavor.

38.    On or about February 18, 2020, Biscayne Bay and Inter Miami entered into a 2020 Local Sponsorship Agreement (the "Inter Miami Agreement").[1] On February 27, 2020, MLS approved the Inter Miami Agreement, which has a stated term through December 31, 2020.

39.    The Inter Miami Agreement resulted from Biscayne Bay's entrepreneurial efforts to align itself with Inter Miami by a product line extension named the "Inter Miami Pilsner" and point of sale retail promotion that resulted in Biscayne Bay becoming the official craft beer company for Inter Miami.

40.    On February 28, 2020, Inter Miami issued a press release touting that a "Local brewing company becomes official craft beer sponsor for Inter Miami." A true and correct copy of the Inter Miami press release announcing Biscayne Bay's appointment as the Official Craft Beer of Inter Miami is attached as Exhibit D. The press release states that Inter Miami "has partnered with Biscayne Brewing Company. The South Florida-based brewery joins Inter Miami as the Official Craft Beer and creates a specialty pilsner to commemorate the Club's inaugural season in Major League Soccer in March 2020." *See id.*

---

[1] The Inter Miami Agreement is omitted from this Complaint because it contains a confidentiality provision.

41.     Inter Miami's press release highlighted that by "selecting a locally owned and independent brewery as its official craft beer, Inter Miami continues to build on its commitment to the South Florida community by supporting small business." *See id.*

42.     Inter Miami's press release further highlighted the **TROPICAL BAY IPA** brand beer, stating that "Inter Miami fans will also be able to enjoy a selection of Biscayne beers, such as Miami Pale Ale, and **Tropical Bay IPA**, which will be available through the venue on gameday." *See id.* (emphasis added).

43.     Thereafter, in reliance upon the Inter Miami Agreement and the representations and obligations agreed upon by Inter Miami and MLS, Biscayne Bay invested its time and money – including in-trade and monetary considerations -- towards nurturing itself as Official Craft Beer of Inter Miami, including by promotions featuring Biscayne Bay's **TROPICAL BAY IPA** brand beer that was placed in South Florida retail and food outlets such as the following:



13

44.     Inter Miami and the Brewery's launch of the "Inter Miami Pilsner" prior to Inter Miami's inaugural 2020 season under the MLS was extraordinarily successful and led to widespread enthusiasm for Biscayne Bay's products with the growing fan base of Inter Miami and passionate soccer aficionados in South Florida, as demonstrated by the enthusiastic sharing of "Inter Miami Pilsner" on mass social media websites such as Instagram and Reddit.com after the beer was served at Inter Miami's first open practice:[2]



Inter Miami Pilsner beer at the open house today.. was actually really good, anybody knows where to get it ?
i.imgur.com/9j9VRC... 

Image



---

[2] *See e.g.,* Reddit.com, "Inter Miami Pilsner beer at the open house today.. was actually really good… ." https://www.reddit.com/r/InterMiami/comments/fgr774/inter_miami_pilsner_beer_at_the_open_house_today/ (last accessed October 9, 2020) and attached as Exhibit F.

45.     Meanwhile, as Biscayne Bay and Defendants were attempting to resolve the trademark dispute instigated by Defendants, Heineken, in concert with Defendants, took willful and malicious action to interfere with the Inter Miami Agreement and Biscayne Bay's business relationship with Inter Miami and status as the Official Craft Beer of Inter Miami.

46.     Upon information and belief and as shown by the factual chronology set forth below, the acts taken by Heineken and Defendants to interfere with Biscayne Bay's business with Inter Miami and MLS are a direct reprisal for Biscayne Bay's refusal to accept Defendants' unreasonable demands to abandon the **TROPICAL BAY IPA** Trademark.

47.     On August 11, 2020, Biscayne Bay transmitted, through undersigned counsel, a memorandum to Defendants and Heineken outlining potential business solutions to the trademark dispute, a copy of which is attached as <u>Exhibit E</u> to this Complaint. That document suggested that Heineken and Biscayne Bay could collaborate on, among other things, promoting their beers and identifying "synergies" through Inter Miami. Biscayne Bay genuinely believed that an independent craft brewer and Heineken could co-exist for mutual benefit at Inter Miami and MLS events, as Biscayne Bay has successfully accomplished with other professional sports teams in South Florida.

48.     Upon information and belief, Defendants, in concert with their parent company Heineken, repeatedly pressured Inter Miami and MLS to not perform their obligations to Biscayne Bay under the Inter Miami Agreement. Inter Miami had represented in writing to Biscayne Bay that "we are more than happy with the partnership, and we know that it will be a long lasting relationship with the benefits we have assembled in our contract."

49.     On September 15, 2020, again amid Biscayne Bay's good faith efforts to negotiate a resolution to the trademark dispute instigated by Defendants, Inter Miami unilaterally

demanded that Biscayne Bay enter into a "Termination and Release Agreement", a copy of which is attached as Exhibit G to this Complaint. It became readily apparent at that moment to Biscayne Bay that Defendants and Heineken had set out on a vendetta to crush a small business and its valuable commercial relationships.

50.     Upon information and belief, Inter Miami's presentation of the Termination and Release Agreement was made after repeated threats and demands from Heineken to Inter Miami and MLS to cease doing business with Biscayne Bay, to the benefit of Heineken and Defendants.

51.     Incredibly, the Termination and Release Agreement proposed by Inter Miami contained a broad non-disparagement provision in order to silence Biscayne Bay's voice, presumably, as to the wrongful acts taken by Heineken and Defendants for their wrongful acts against Biscayne Bay as it relates to the **TROPICAL BAY IPA** Trademark.

52.     Inter Miami admitted as much -- explaining by email that its intent for the proposed "Termination and Release Agreement" included benefitting Heineken because "***Heineken and the league don't want you roasting them in the public is the bottom line***." *See* September 15, 2020 Emails between Inter Miami's Nick Sprague and Biscayne Bay's Nick Bonfiglio, a copy of which is attached as Exhibit H to this Complaint.

53.     As of the filing of this lawsuit, Inter Miami and MLS have informed Biscayne Bay that they cannot perform the obligations and commitments that were contractually agreed upon in the Inter Miami Agreement because of Heineken's complaints, which Biscayne Bay believes and is informed upon is part of an anticompetitive agenda against Biscayne Bay, generally, and the **TROPICAL BAY IPA** brand, specifically, for the benefit of Defendants and Heineken.

## COUNT I
## DECLARATORY JUDGMENT FOR TRADEMARK NONINFRINGEMENT
## (NO LIKELIHOOD OF CONFUSION)

54.     Biscayne Bay incorporates and realleges paragraphs 1 through 53 above as if fully set forth herein.

55.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

56.     Defendants' actions in asserting that Biscayne Bay has infringed the "La Tropical" name and trademark has caused an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 with regard to the noninfringement of such trademark.

57.     There is no likelihood of confusion between the **BISCAYNE BAY IPA** Trademark and the "La Tropical" name and trademark asserted by Defendants.

58.     Biscayne Bay has not infringed the La Tropical Registrations or the "La Tropical" name, willfully or otherwise.

59.     Accordingly, Biscayne Bay is entitled to a declaratory judgment that it has not infringed the La Tropical Registrations or the "La Tropical" name and trademark.

## COUNT II
## DECLARATORY JUDGMENT FOR TRADEMARK NONINFRINGEMENT
## (ABANDONMENT/NON-USE BY DEFENDANTS)

60.     Biscayne Bay incorporates and realleges paragraphs 1 through 53 above as if fully set forth herein.

17

61.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

62.     Defendants' actions in asserting that Biscayne Bay has infringed the "La Tropical" name and trademark has caused an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 with regard to the noninfringement of such trademark.

63.     Defendants do not use (within the meaning of 15 U.S.C. §1127) the "La Topical" name and trademark or any of the trademarks identified by the La Tropical Registrations.

64.     To the extent Defendants have used the "La Topical" name and trademark or any of the trademarks identified by the La Tropical Registrations in the past, Defendants have abandoned such marks have not demonstrated an intent to resume use thereof.

65.     Given that the "La Topical" name and trademark and the trademarks identified by the La Tropical Registrations are not in use, Defendants do not have superior or valid rights in such marks viz-a-viz Biscayne Bay rights in the **TROPICAL BAY IPA** Trademark.

66.     Accordingly, Biscayne Bay is entitled to a declaratory judgment that it has not infringed the "La Tropical" name and trademark or any of the trademarks identified by the La Tropical Registrations; and (2) that the Tropical Registrations are invalid as a matter of law due to non-use.

## <u>COUNT III</u>
## DECLARATORY JUDGMENT FOR INVALIDITY AND CANCELLATION OF THE TROPICAL REGISTRATIONS

67.     Biscayne Bay incorporates and realleges paragraphs 1 through 53 above as if fully set forth herein.

68.     This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

69.     Defendants' actions in asserting that Biscayne Bay has infringed the "La Tropical" name and trademark has caused an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 with regard to the noninfringement of such trademark.

70.     Defendants do not use (within the meaning of 15 U.S.C. §1127) the trademarks identified by the La Tropical Registrations.

71.     To the extent Defendants have used in the past the trademarks identified by the La Tropical Registrations, Defendants have abandoned such marks and have not demonstrated an intent to resume use thereof.

72.     Given that the trademarks identified by the La Tropical Registrations are not in use, Defendants do not have valid rights in such marks.

73.     Accordingly, Biscayne Bay is entitled to (1) a declaratory judgment that the Tropical Registrations are invalid as a matter of law due to non-use and (2) an order pursuant to 15 U.S.C. § 1119 cancelling the Tropical Registrations.

## COUNT IV
## TORTIOUS INTERFERENCE

74.     Biscayne Bay incorporates and realleges paragraphs 1 through 53 above as if fully set forth herein.

75.     A contractual or business relationship existed between Biscayne Bay and Inter Miami as reflected by that certain Inter Miami Agreement executed on or about February 18, 2020.

76.     Biscayne Bay possesses definite and determinable legal rights under the Inter Miami Agreement, rights that included branding, retail point of sale, and additional promotional rights associated with Biscayne Bay's status as the Official Craft Beer of Inter Miami.

77.     Defendants developed knowledge of Biscayne Bay and Inter Miami's contractual or business relationship, which agreement was approved of and bound MLS as well, contemporaneously or in connection with Biscayne Bay's disclosure of its sponsorship of MLS during Biscayne Bay's good faith efforts to resolve Defendants' unreasonable demands related to the **TROPICAL BAY IPA** Trademark.

78.     Defendants, in concert with Heineken personnel, acted intentionally, willfully, and maliciously to frustrate and interfere with Biscayne Bay's contractual or business relationship with Inter Miami as the Official Craft Beer partner of Inter Miami, as reflected by the proposed and unexecuted Release and Termination Agreement whereby Defendants' principal, Heineken, would be extended inappropriate and undeserving non-disparagement protections.

79.     Defendants acted without legal justification or privilege and took wrongful or unconscionable steps to intimidate and harm Biscayne Bay in connection with the Inter Miami Agreement, which Biscayne Bay, Inter Miami, and MLS fully intended to perform upon before said agreement was torpedoed by Defendants and Heineken's interference and harassment of Biscayne Bay, an independent and local small business in this District.

80.     Biscayne Bay has suffered significant economic and reputational damages as a result of Defendants' interference with Biscayne Bay's relationship with Inter Miami and MLS, including monetary damages related to the development and promotion of Biscayne Bay as the Official Craft Beer of Inter Miami for retail point of sale promotions, the development and

promotion of Inter Miami pilsner, monetary and in-trade expenses associated with Biscayne Bay's investment in the sponsorship, lost revenue and profits resulting from Defendants' interference with the point of sale sponsorship relationship and Inter Miami Pilsner, the loss of goodwill, lost promotional activities, and all express or intended benefits of the Inter Miami Sponsorship Agreement and Biscayne Bay's potential future business with Inter Miami arising from that contract and business relationship.

## PRAYER FOR RELIEF

**WHEREFORE**, Biscayne Bay prays that the Court find against Defendants on all causes of action herein, and:

A.      Enter an order declaring that (1) Biscayne Bay has not infringed the "La Tropical" name or purported trademark or any of the trademarks identified by the La Tropical Registrations; and (2) the La Tropical Registrations are invalid;

B.      Enter an Order pursuant to 15 U.S.C. §1119 commanding the Director of the United States Patent and Trademark Office to make appropriate entry upon the records of the USPTO to cancel the La Tropical Registrations;

C.      Enter a finding that this is an exceptional case and order that Defendants be required to pay to Biscayne Bay the costs of this action and Biscayne Bay's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) or otherwise award Biscayne Bay its reasonable attorney's fees;

D.      Order Defendants to pay to Biscayne Bay all damages sustained by Biscayne Bay and/or all gains, profits, and advantages derived by Defendants as a result of Defendants' wrongful acts and tortious interference;

E.      Order Defendants to pay to Biscayne Bay punitive damages as a result of Defendants willful and intentional acts of tortious interference.

F.      Grant such further and other relief as the Court deems just and proper under the circumstances.

Dated: October 12, 2020

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for Plaintiff*
350 East Las Olas Boulevard, 10th Floor
Fort Lauderdale, Florida 33301
Main: (954) 712-5138
Facsimile: (954) 523-2872

By: *Geoffrey Lottenberg*
        Geoffrey Lottenberg
        Florida Bar No. 56240
        glottenberg@bergersingerman.com
        Alejandro M. Miyar
        Florida Bar No. 105399
        amiyar@bergersingerman.com
        drt@bergersingerman.com

10064895